UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 17cv81336-MIDDLEBROOKS/BRANNON

**JONATHAN RUSSELL,**

**Plaintiff,**
**v.**

**DEEVAN, INC., a Florida Profit Corporation,**

**Defendant.**
_____/

## JOINT DISCOVERY PLAN

Plaintiff, JONATHAN RUSSELL, and Defendant, DEEVAN, INC., by and through their respective undersigned counsel and pursuant to this Court's Pretrial Scheduling Order and Order Referring Case to Mediation (DE 7) dated December 20, 2017, hereby submit this Joint Discovery Plan:

(1) An estimated valuation of the case from the perspective of Plaintiff and Defendant. **Plaintiff, Jonathan Russell, believes that his case against Defendants has an estimated value of $33,930.00 (unliquidated) and $67,860.00 (liquidated) plus attorney fees and costs.** Defendant believes that it owes no overtime compensation to Plaintiff, and that Plaintiff was an employee who was not subject to overtime.

(2) The date for exchanging initial disclosures pursuant to Rule 26(a)(1). **February 12, 2018.**

(3) The subjects on which discovery may be needed. **Plaintiff's allegations of unpaid overtime and/or misclassification under the FLSA and Defendant's affirmative defenses.**

(4) Whether the Parties can agree to limit discovery on particular issues through stipulation. **The parties agree to attempt to limit discovery on particular issues through stipulation.**

(5) What document discovery is needed. **Documents which relate and/or refer to Plaintiff's employment, Plaintiff's allegations in the Complaint, Defendant's failure**

        **to properly compensate Plaintiff, Defendant's misclassification of Plaintiff, and Defendant's affirmative defenses.**

(6)     Whether discovery should be conducted in phases. **No.**

(7)     Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain: (a) the main information and documents sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible. **No. The parties agree to produce any relevant ESI and non-ESI on printed form.**

(8)     What individuals each side intends to depose. **Plaintiff intends to depose the witnesses to be listed in Defendant's Initial Disclosure as having knowledge of Defendant's affirmative defenses (limited to no more than 10 depositions). Defendant intends to depose the witnesses to be listed in Plaintiff's Initial Disclosures as having knowledge of the allegations of owed overtime and/or misclassification under the FLSA (limited to no more than 10 depositions).**

(9)     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502. **None at this time. The parties agree to address any such issues promptly in the event that they arise. The parties agree to exchange logs of documents withheld on the basis of privilege when the production of documents is made on the requesting party. The parties further agree that privileged communications and/or work product created on or after the filing of the complaint in this action, need not be included on the privilege logs exchanged unless specifically requested. The parties agree any claim of privilege asserted in objecting to any interrogatory or production demand will include the information contained in S.D. Fla. Local Rule 26.1 (g)(3)(B).**

(10)     What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. **None at this time. The parties agree to address any such changes promptly in the event that they arise.**

(11)     Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful. **Yes.**

Respectfully submitted this January 12, 2018.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314

*/s/ Cody German*
Cody German, Esq.
Florida Bar No. 58654
Cole, Scott & Kissane P.A.
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156

-3-

Telephone: (866) 344-9243  
Facsimile: (954) 337-2771  
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

Telephone: (786) 268-6415  
E-Mail: cody.germancsklegal.com

*Attorneys for Defendant*